COSGRAVE, J.
Heard on demurrer to amended petition.
Three grounds of demurrer are set forth, but only the second and third have been pressed upon the attention of the court, namely:
*124 (2) That the action herein was not brought within the time limited for the commencement of such action;
(3) That the amended petition does not state facts which show a cause of action.
The amended petition sets forth that Lie plaintiff, is- the executrix of the estate of Herman Henry Schildmeyer, who died testate on or about June 6, 1898, leaving to his widow, plaintiff herein, all of his estate during 'her natural, life.
It further alleges, that on or about the 26th-day of September, 1895, the said Herman H. Schildmeyer loaned to the defendant, Charles Schildmeyer, the sum of $5,500, and said Charles Schildmeyer executed his note for said sum and delivered the same to the said Herman IT. Schildmeyer, promising to pay said sum of $5,500, with interest at. .the rate of five, per cent, per annum.
It further alleges that said note'was unpaid at the time of plaintiff’s appointment as executrix.
The amended petition further alleges that the said defendant, Charles Schildmeyer, on November 1, 1903, delivered to the plaintiff his promissory note of that date for the sum of $5,500, bearing interest at the rate of three per cent, per annum, and further alleges that said not was a renewal of the note of September 26, 1895, executed and delivered by the. defendant herein to the decedent, Herman H. Schildmeyer; and represented said original indebtedness of $5,500. The amended petition contains a copy of said note of November 1, 1903, with all credits of interest paid thereon to November 1, 1914.
It appears that said last mentioned note was made payable to Mrs. M. A. C. Schildmeyer.
The petition further alleges that Mary A. C. Schildmeyer, executrix of the estate of Herman H. Schildmeyer, and Mrs. M. A. C. Schildmeyer, mentioned in said note, are one and the same person.
'The defendant having filed this demurrer to the amended petition,, admits thereby that he obtained a loan from the decedent, Herman H. Schildmeyer, on September 26,' 1895, in the sum of $5,500, which'was unpaid at the death of the’ said Herman H. Schildmeyer.
*125 It is also admitted by the demurrer that the defendant made and executed the note set forth in the amended petition and now being sued upon and that he has failed and refused to pay the same upon demand made therefor.
It is likewise admitted by the demurrer that the said note is a renewal of the note given by the defendant to the decedent, Herman II. Schildmeyer, for the sum of $5,500, as evidence of his indebtedness for such original loan obtained from said decedent.
It appears from the amended petition that while the plaintiff is suing in her representative capacity, as executrix of the decedent, that the note is payable to her individually. It also appears that no time of payment is mentioned in the note.
Both counsel for the plaintiff and' counsel for the defendant have submitted lengthy briefs raising various questions of law which it is claimed relate to the merits of the matter in controversy.
In the view the court takes of this case, it is not necessary to review these matters at any length. The defendant admits that he borrowed from the decedent the sum of $5,500, giving his note as evidence of such indebtedness to decedent, bearing interest at the rate of five per cent; that subsequently, to-wit, eight years after the date of the first note, he gave a new note, of date November 1, 1903, as a renewal of the first note, substituting as the payee of said note the name of Mrs. M. A. C. Schildmeyer instead of the name of the decedent, and also changing the rate of interest from five per cent, to three per cent.
The defendant having admitted his indebtedness on this note, the only question that now remains for the determination of this court is whether or not the plaintiff, as the executrix of the estate of Herman H. Schildmeyer, may recover upon a note given to her individually by a debtor of the estate of her testator.
It is conceded.by the demurrer that this money is due the estate of Herman H. Schildmeyer. The representative of that estate is the proper person to make claim on this note, it being an obligation due to her decedent’s estate.
On the"pleadings,'thé suni'of $5,500" bearing, interest at the rate of three per cent., is due the estate of Herman" H. Sehild *126 meyer, and under the rule laid down by our Supreme Court in the case of Phillips v. McConica, 59 Ohio St., 1:
“An executor is always a proper party to maintain an.action to recover money belonging to the estate.”
Following this rule the demurrer to the amended petition will be overruled and an entry may be prepared accordingly.